CARL C. BRUTON, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error.*

Division B.

Opinion filed July 3, 1930.

*White and White*, for Plaintiff in Error;

*Fred H. Davis*, Attorney General, and *Roy Campbell*, Assistant, for Defendant in Error.

BUFORD, J.—In this case the plaintiff in error was prosecuted for bigamy under an indictment in three counts and was convicted under the third count, which was as follows:

"And the grand jurors aforesaid, upon their oaths aforesaid, do further present that the said Carl C. Bruton, of the County of Seminole and State of Florida, having a former wife, to-wit: Florence May Bruton, did marry and have for his wife one Ruth Knight, and from on or about the 31st day of August, A. D. 1927, to on or about the 3rd day of November, 1928, in the County of Seminole and State of Florida, did continue to cohabit with such second wife, to-wit: Ruth Knight."

Both marriages were sufficiently proven. The plaintiff in error, as his defense, relied upon the provisions of Section 6417, Rev. Gen. Stats. of Fla., 7560 Comp. Gen. Laws of Fla., which is as follows:

"The provisions of the preceding section shall not extend to any person whose husband or wife has been continually remaining beyond sea, or has voluntarily deserted the other and remained absent for the space of three years continuously, the party marrying again not knowing the other to be living within that time, nor to any person divorced from the bonds of matrimony."

The evidence shows that Bruton married Florence May Allison on September 2nd, 1919, and that in July of 1921 he went to Fort Screven, a National Guard camp, for two weeks and that when he returned home his wife had departed without cause of excuse for a destination unknown to him; that the only time thereafter that he ever heard from her prior to his marriage to Ruth Knight on August 31st, 1927, was about six weeks after she, Florence May Allison, had deserted him in Duval County, when he was advised by her mother that Florence May had gone to Los Angeles, California; that from that time, six weeks after her desertion, up until December of 1927, after he had married Ruth Knight in August of 1927, he heard nothing whatever from Florence May Allison and that he had no information as to where she was living, if she was living, and that he did not know her to be living at any time between the time that he heard from her indirectly in 1921 and December after he married Ruth Knight in 1927. This evidence is uncontradicted and, therefore, the defendant in the court below brought himself clearly within the protec-

tion of the provisions of Section 5417, Rev. Gen. Stats., 7560 Comp. Gen. Laws, 1927.

For the reasons stated, the judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.